# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 21, 2020

160480

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

EDWARD LEE WATKINS,
      Defendant-Appellant.
_____/

SC: 160480
COA: 340906
Wayne CC: 15-005089-FC

On order of the Court, the application for leave to appeal the September 12, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, C.J. (*concurring*).

I concur in the order denying leave to appeal but write separately to address the Court of Appeals' analysis of defendant Watkins's claim that he was denied effective assistance of counsel.

On the third day of the defendants' joint trial for first-degree premeditated murder, a juror sent a note to the trial court stating that the juror believed supporters of the two defendants were "eyeballing" the jury from the gallery in an attempt to intimidate. Addressing the note, the court stated it would keep vigilant watch for any further attempts at juror intimidation. And outside the presence of the jury, the court warned the defendants and their attorneys that the behavior needed to stop.

The next day of trial, counsel for codefendant Taylor moved the court to replace the juror who had submitted the note, arguing that the juror was "tainted." The court denied the motion without prejudice. The court explained that it would reconsider the matter if it appeared that further efforts to intimidate the jury were made or if the spectators' behavior biased the jury. Taylor's attorney argued that the next appropriate remedy would be a mistrial, to which the court stated, "I have no basis for entertaining anything like that at this point."

Following lunch recess that same day, a different juror informed the court that on the previous day of trial he had been approached in the restroom by a man whom the juror recognized as a spectator. The juror reported that this man asked him "if it was going up or down[.]" The court addressed this matter on the record but outside the presence of the remaining jurors. The solicited juror said that he did not know whether the spectator was associated with either defendant and that while the interaction made

him feel "[a] little uncomfortable," he did not believe it would affect his judgment. The trial continued and the defendants were convicted as charged.

In his appeal as of right, defendant Watkins argued that trial counsel should have requested a mistrial after these incidents were brought to counsel's attention and that the failure to request a mistrial amounted to ineffective assistance of counsel. The Court of Appeals rejected this argument, stating:

> Given the gang-violence overtones of this case, a reasonable trial attorney might just as well have decided not to move for a mistrial because the spectators' attempts to intimidate the jury might have been *successful*. In other words, counsel might have reasonably believed that it was more likely that the intimidation tactics would work against at least *one* juror than it was those tactics would prejudice the *entire* jury pool to vote against convicting Watkins. Therefore, Watkins has failed to rebut the strong presumption that his trial counsel employed effective strategy in deciding not to move for a mistrial. [*People v Watkins*, unpublished per curiam opinion of the Court of Appeals, issued September 12, 2019 (Docket No. 340906), p 8.]

This hypothesis about defense counsel's motives is unsupported and unnecessary. Whether to move for a mistrial is generally a strategic decision for which counsel is afforded wide latitude. But there is no reason to assume that counsel viewed jury-intimidation efforts to his client's advantage. In my view, such reasoning comes too close to imputing an endorsement of such tactics to defense counsel. And I find the panel's making that logical leap in this case especially suspect, given that it denied the defendant's motion to remand to the trial court for a *Ginther* hearing.

Speculation as to counsel's motivation isn't necessary to evaluate the defendant's claim for relief. Defendant Watkins has not presented this Court with any evidence that the jury's overall ability to render an impartial verdict was compromised such that the trial court would have been compelled to grant a mistrial, had one been requested. By the time the restroom incident was brought to the trial court's attention, the court had already

explained, in clear terms that very morning, that the court would *not* entertain a mistrial unless there were continued attempts to intimidate the jury or evidence of actual juror bias, neither of which occurred. Given this record, I conclude that defendant Watkins has not shown a reasonable probability that a motion for a mistrial would have been granted. I therefore concur in the order denying his application for leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 21, 2020



Clerk

a0407